# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201600046

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## JONATHAN C. GOLDEN
Seaman (E-1), U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Robert J. Crow, JAGC, USN.
For Appellant: Lieutenant Doug Ottenwess, JAGC, USN.
For Appellee: Lieutenant Commander Catheryne Pully, JAGC, USN;
Major Tracey Holtshirley, USMC.

————————————

Decided 20 October 2016

————————————

Before MARKS, FULTON, and GLASER-ALLEN, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

This is a mixed pleas case. A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of one specification of unauthorized absence; three specifications of wrongful use of marijuana; two specifications of larceny; one specification of obtaining services by false pretenses; and two specifications of breaking restriction in violation of Articles 86, 112a, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, 921, and 934 (2012). A members panel with enlisted

representation acquitted the accused of three specifications of sexual assault in violation of Article 120(b), UCMJ, 10 U.S.C. § 920(b) (2012).

The members sentenced the appellant to three years' confinement, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the sentence and, except for the punitive discharge, ordered it executed.

In his sole assignment of error, the appellant contends that three years' confinement and a dishonorable discharge is an inappropriately severe punishment under the unique facts and circumstances of this case. We find no prejudicial error and affirm.

## I. BACKGROUND

The appellant was stationed aboard USS IWO JIMA (LHD 7), homeported in Mayport, Florida. In April 2014, he stole two cell phones and their cases from the amnesty box outside the secure weapons space.[1] He received nonjudicial punishment (NJP) the next day.[2] In November 2014, the appellant absented himself from the ship for two days and then used false pretenses to obtain a taxi ride back to the base.[3] In November 2014 and January 2015, he tested positive for marijuana use. In February 2015, he went to NJP for these four new offenses.[4] While on restriction from this second NJP, he broke restriction twice by going off-base without permission. Consequently, he was placed in pretrial confinement (PTC) in late February 2015, and again tested positive for marijuana.[5]

Although the members acquitted the appellant of the three sexual assault specifications, they were tasked with sentencing him for the charges to which he had previously pleaded guilty. Trial counsel argued for three years' confinement and a dishonorable discharge; defense counsel argued for a bad-conduct discharge. Members were instructed that the appellant had been awarded NJP twice for all offenses except one specification of drug use and

---

[1] The combined value of the property was $1,164.00. When confronted, the appellant returned the phones, but not the cases.

[2] On 13 April 2014, the appellant received reduction in grade to E-1, forfeiture of $250.00 pay per month for two months, and three days' bread and water.

[3] The appellant failed to pay the driver the $150.00 fare upon arrival on base. In sentencing, he provided proof of reimbursement on 26 March 2015.

[4] On 4 February 2015, the appellant received restriction to Naval Station Mayport for 30 days, extra duties for 45 days, and forfeiture of one-half month's pay for two months.

[5] The sexual assault allegations arose on or about 18 April 2014, but do not appear to have been a factor in the PTC decision.

two specifications of breaking restriction. They were further informed that they must consider the punishment already imposed, the appellant's 226 days' PTC credit, the fact that the appellant pleaded guilty, and that both types of punitive discharges were severe punishments. The maximum punishment was twelve years and three months' confinement, total forfeitures, a fine, and a dishonorable discharge.

## II. DISCUSSION

We review sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). As part of that review, we give "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Despite our significant discretion in reviewing the appropriateness and severity of the adjudged sentence, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146-47 (C.A.A.F. 2010).

We have carefully reviewed the entire record. With individualized consideration of the appellant, the nature and seriousness of his offenses, his overall record of service, and all the matters within the record of trial, we find the CA approved an appropriate sentence. The appellant first began his misconduct about a year after entering the naval service and just a few months into his tour aboard the IWO JIMA, by stealing phones and cases worth over $1,100.00 from shipmates, committing an unauthorized absence, obtaining a $150.00 taxi ride from a local driver through false pretenses, and testing positive twice for marijuana use. These criminal choices culminated in two different NJPs, where he received less than the maximum punishment. Despite this measured discipline approach, the appellant continued his misconduct by breaking restriction twice, resulting in PTC, and testing positive for marijuana a third time. Therefore, we conclude that a dishonorable discharge, total forfeitures, and three years' confinement is appropriate for this particular offender and his offenses. *United States v. Baier*, 60 M.J. 382 (C.A.A.F. 2005). In this case, granting any sentence relief would be to engage in clemency–a function reserved for the CA—and we decline to do so.[6] *Healy*, 26 M.J. at 395-96.

---

[6] Although irrelevant to our sentence appropriateness determination, we note that on 6 April 2016, the Naval Clemency and Parole Board (NCPB) directed the appellant's release from confinement and granted clemency by upgrading his dishonorable discharge to an other than honorable discharge. NCPB ltrs 5815/NC&PB/5815/402 19 Apr 2016. *See also, United States v. Champion,* No.

## III. CONCLUSION

The findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

200000890, 2003 CCA LEXIS 103, unpublished op. (N-M. Ct. Crim, App. 21 Apr 2003). Were we inclined to find the sentence inappropriately severe, the appellant's request to approve only so much of the sentence as relates to a bad-conduct discharge and 12 months' confinement is effectively mooted by NCPB's action. *See United States v. Olinger*, 45 M.J. 644, 650 (N-M. Ct. Crim. App. 1997); RULE FOR COURTS-MARTIAL 1108, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).